UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BETH GUSSMAN, | : | |
| | : | |
| Plaintiff, | : | **Hon. Joseph H. Rodriguez** |
| | : | |
| v. | : | Civil Action No. 16-8563 |
| GOVERNMENT EMPLOYEES | : | |
| INSURANCE COMPANY | : | |
| | : | |
| | : | **OPINION** |
| Defendant. | : | |
| | : | |

Plaintiff Beth Gussman asserts that her car insurance provider, Defendant Government Insurance Company ("Geico"), denied her under-insured motorist (UIM) coverage under the parties' insurance policy in bad faith. Presently before the Court is Geico's motion to dismiss pursuant to Federal Rules of Civil Procedure 12 (b) (1) and 12 (b) (6). Specifically, Geico claims that diversity jurisdiction is wanting because Plaintiff's claim does not exceed the statutory minimum amount in controversy, meriting dismissal under Rule 12 (b) (1), and because Plaintiff fails to state a claim for common law bad faith denial of insurance coverage, pursuant to Fed. R. Civ. P. 12 (b) (6). Alternatively, Geico asks this Court to stay and sever the bad faith claim pending the disposition of Gussman's claim for breach of the insurance contract.

The Court has reviewed the written submissions of the parties and decides the matter pursuant to Fed. R. Civ. P. 78 (b). For the reasons stated here, Defendant's motion to dismiss on jurisdictional grounds is denied. In the interest of judicial economy and without objection from Plaintiff, Defendant's request to sever and stay Paragraphs 24-29, is granted. Fed. R. Civ. P. 42 (b); Edwin, Jr. v. The Robert Packer

Hospital, 579 F.2d 819, 824 (3d Cir. 1978) (The decision whether to bifurcate or sever claims is left to the District Court's discretion.)

## I. Factual Background and Procedural History

The following facts are taken as true as alleged in the Complaint. On May 20, 2014, Plaintiff asserts she was stopped at the exit of a shopping center and was hit in the rear by another motorist Robert Snyder. As a result of the accident, Plaintiff alleges she sustained serious bodily injuries. The vehicle driven by Robert Snyder on the date of the collision had an inadequate insurance policy coverage of $25,000. This amount did not fully compensate Plaintiffs' injuries, and on the date of the accident she had an UIM policy limit of $100,000 per person and $300,000 per accident.

The Plaintiff on June 1, 2016, requested that the Defendant, consent to a settlement between her and the underinsured driver Robert Snyder. Additionally, she filed a claim for UIM benefits. On June 22, 2016, Defendant consented to the requested settlement with the underinsured motorist Snyder. Later, on June 24, 2016, Plaintiff, forwarded to the assigned underinsured motorist adjuster for Geico, all documentation supporting her injuries, and on August 2, 2016, the underinsured motorist adjuster was given permission by Plaintiff to review the first party file. However, Plaintiff asserts that Defendant, has ignored or acted with reckless indifference to the proofs submitted by plaintiff which establish her entitlement to underinsured motorist benefits.

Plaintiff asserts a claim for the remaining $75,000 limit on her underinsured motorist policy and for damages resulting from her bad faith claim. Defendant, filed a motion to dismiss both claims.

## II. Standards of Review

a. <u>Motion to Dismiss Standard</u>

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12 (b) (1) must be granted if the court lacks subject matter jurisdiction to hear a claim. <u>In re Schering Plough Corp. Intron/Temodar Consumer Class Action</u>, 678 F.3d 235, 243 (3d Cir. 2012). When a defendant files a motion under Rule 12 (b) (1), the plaintiff bears the burden of establishing subject matter jurisdiction for the sake of remaining in federal court. <u>Gould Elec., Inc. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (1) may involve either a facial challenge to subject matter jurisdiction or a factual challenge to the jurisdictional allegations. <u>Gould Elec.</u>, 220 F.3d at 176. If the defendant's attack is facial—i.e., "asserting that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction"—a court must accept all allegations in the complaint as true. <u>Taliaferro v. Darby Twp. Zoning Bd.</u>, 458 F.3d 181, 188 (3d Cir. 2006). Alternatively, a defendant may "challenge a federal court's jurisdiction by factually attacking the plaintiff's jurisdictional allegations as set forth in the complaint." <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977). A factual challenge attacks the existence of a court's subject matter jurisdiction apart from any of the pleadings and, when considering such a challenge, a presumption of truthfulness does not attach to a plaintiff's allegations." <u>Id.</u>; <u>see also</u> <u>Martinez v. U.S. Post Office</u>, 875 F. Supp. 1067, 1070 (D.N.J. 1995).

Alternatively, Federal Rule of Civil Procedure 12 (b) (6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12 (b) (6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12 (b) (6). When deciding a motion to dismiss pursuant to Rule 12 (b) (6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth). Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted).

See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

### III.   Analysis

Defendant's arguments in favor of dismissal are intertwined. Essentially, if Plaintiff's claim as plead in Paragraphs 24-29 fails under Rule 12 (b) (6), the Court must determine whether the damages sought in Plaintiff's breach of contract claim satisfy 28 U.S.C. § 1332 (a), which requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332 (a). Paragraphs 24-29 allege a claim against Geico for breach of the implied duty of good faith and fair dealing. This claim alleges a breach of fiduciary duty in the handling of Plaintiff's claim under the insurance contract; such claims are often described as a claim for "bad faith." See Pickett v. Lloyd's, 621 A.2d 445, 451 (N.J. 1993) ("Most jurisdictions have characterized a cause of action for bad-faith failure to pay an insured's claim as a tort that arises out of the implied duty of an insurance company to deal fairly and act in good faith in processing the claims of its policyholder.").

At the heart of Defendant's challenge pursuant to Rule 12 (b) (1) is that, absent the bad faith claim, Plaintiff's remaining recovery under the insurance policy on the

5

breach of contract claim is limited to $75,000, which does not "exceed" $75,000. As a result, Geico is correct that, in the event Plaintiff's bad claim fails under Rule 12 (b) (6), this Court lacks subject matter jurisdiction because the amount in controversy fails to vault the jurisdictional threshold. See 28 U.S.C. § 1332(a).

Plaintiff's bad faith claim alleges that Defendant breached the duty of good faith and fair dealing in processing Plaintiffs' claim for UIM coverage and demands punitive damages. "In a case of denial of [insurance] benefits, bad faith is established by showing that no debatable grounds existed for the denial of benefits." Id. at 481. "To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.... [T]he lack of a reasonable basis may be inferred ... where there is a reckless indifference to facts or proofs submitted by the insured." Id. at 473 (internal citation and quotation omitted); see also Ketzner v. John Hancock Mut. Life Ins. Co., 118 Fed. Appx. 594, 599 (3d Cir. 2004) (Plaintiff must satisfy two elements to support a bad faith claim "(1) the insurer lacked a 'fairly debatable' reason for its failure to pay a claim, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim.").

The Complaint sets forth numerous examples of bad faith conduct that sufficiently allege a "reckless disregard" for Plaintiff's rights.[1] Compl. ¶ 25(a)-(q). Plaintiff's allegations include engaging in delay tactics, misusing the investigation of Plaintiff's first party underinsured, and failing to reasonably evaluate the medical

---

[1] Geico also attacks Plaintiff's bad faith claim as an attempt to improperly manufacture federal jurisdiction under the diversity statute. The Court will not address whether Plaintiff is compelled to bring the bad faith claim at this time under New Jersey's entire controversy doctrine because Defendant agrees that there is no preclusion to bringing the claim now and the Court finds no indication that pretext exists. The bad faith claim satisfies Rule 12 (b) (6) scrutiny and Defendant's motion is denied.

records in the record. Compl., ¶ 25 (b), (q) and (i). Geico's Rule 12 (b) (6) motion is denied.

In addition, Geico's motion to dismiss pursuant to Fed. R. Civ. P. 12 (b) (1) is denied because Plaintiff's bad faith claim, if successful, includes the potential for an award of consequential damages and punitive damages. Taddei v. State Farm Indemnity Co., 401 N.J. Super. 449, 461, 463 (App. Div. 2008). When coupled with the potential recovery on the bad faith claim, Plaintiff's damages on the breach of contract claim vault the statutory jurisdictional threshold of a claim in excess of $75, 000. See 28 U.S.C. § 1332(a). As a result, the amount in controversy exceeds the jurisdictional requirement and Geico's Rule 12 (b) (1) motion is denied.

## IV. Conclusion

For these reasons, Defendant's motion to dismiss Paragraphs 24-29 of the Complaint under Federal Rules of Civil Procedure 12 (b) (1) and (6) is denied. In the interest of judicial economy and to avoid any potential prejudice to Geico, the Court will grant Geico's motion to sever and stay Paragraphs 24-29.

An appropriate Order shall issue.


Dated: September 12, 2017

                                              s/ Joseph H. Rodriguez
                                              Hon. Joseph H. Rodriguez,
                                              UNITED STATES DISTRICT JUDGE